FILED & JUDGMENT ENTERED
David E. Weich

Jul 28 2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Shelby Division

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 06-40305 |
| **LEIGH A. VALENTINE,** ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| **BLACK PALM DEVELOPMENT CORP.,** ) | |
| ) | Adv. Proc. 09-4004 |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **DALE BARLAGE,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the court on the plaintiff's Request for Certification for Direct Appeal to U.S. Circuit of Appeals (the "Request"). For the reasons stated below, the Request for Certification for Direct Appeal to U.S. Circuit of Appeals is denied.

1.   On June 2, 2009, the court issued an Order Dismissing Plaintiff's Adversary Complaint, and on June 3, 3009, the court entered an Order Denying Plaintiff's Motion to Amend and Make Additional Findings and Conclusions by the Court.  The plaintiff filed a timely Notice of Appeal on June 11, 2009, and its Request for Certification for Direct Appeal to U.S. Circuit of Appeals on June 12, 2009, with the clerk of the bankruptcy court.

2.   As of the date of the entry of this Order, the case is pending in this court because it has not been docketed with the District Court pursuant to Federal Rule of Bankruptcy Procedure 8007(b).  See Fed. R. Bankr. P. 8001(f)(2) ("A matter is pending in a bankruptcy court until the docketing, in accordance with Rule 8007(b), of an appeal taken under 28 U.S.C. § 158(a)(1) or (2), or the grant of leave to appeal under 28 U.S.C. § 158(a)(3).").  Accordingly, this court has jurisdiction to consider the plaintiff's Request pursuant to Bankruptcy Rule 8001(f)(2)(A)(i) which provides that "[o]nly a bankruptcy court may make a certification on request or on its own initiative while the matter is pending in the bankruptcy court."

3.   Having determined that this court has jurisdiction to make the certification, the court will consider the plaintiff's Request.  28 U.S.C. § 158(d)(2)(B) provides that if the court before which the matter is pending determines that a

2

circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i), (ii), or (iii) exists, it should certify the matter for direct appeal. Section 158(d)(2)(A)(i),(ii), and (iii), in turn, provide as follows:

> (i) the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the . . . order . . . involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken.

See 28 U.S.C. § 158(d)(2)(A).

    4.    In addition, Bankruptcy Rule 8001(f)(3)(C) specifies that a request for certification should include the following:

> (i) the facts necessary to understand the question presented;
>
> (ii) the question itself;
>
> (iii) the relief sought;
>
> (iv) the reasons why the appeal should be allowed and is authorized by statute or rule, including why a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists; and
>
> (v) an attached copy of the judgment, order, or decree complained of and any related opinion or memorandum.

See Fed. R. Bankr. P. 8001(f)(3)(C).

3

5. The court finds that the Request does not comply with Bankruptcy Rule 8001(f)(3)(C) and should be denied for that reason. Although the Request specifies the questions that serve as the basis for its appeal, it does not include the facts necessary to understand the questions presented or the relief sought. Moreover, the Request did not include a copy of the orders complained of and any related memorandum as required by Bankruptcy Rule 8001(f)(3)(C)(v). See In re Dutkiewicz, 403 B.R. 472 (B.A.P. 6th Cir. 2009) (holding that debtor's motion for certification should be denied for failure to comply with Rule 8001(f)(3)(C) including her failure to include any facts or a copy of the bankruptcy court's memorandum of decision). Although the court's failure to certify this case for direct appeal for these reasons may seem hypertechnical, this court is loathe to certify a matter for direct appeal to the Fourth Circuit Court of Appeals where the pleadings are technically defective and substantively confusing.

6. Finally, the Request does not sufficiently explain why a direct appeal to the Fourth Circuit should be allowed and is authorized by 28 U.S.C. § 158(d)(2)(A)(i)-(iii). It does not appear to this court that there is anything extraordinary or remarkable about this case that justifies a direct appeal to the Fourth Circuit.

7. For the foregoing reasons, the court finds that the plaintiff's Request for Certification for Direct Appeal to U.S. Circuit of Appeals is **DENIED.**

**This Order has been signed electronically.**  **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**